## Walker v. Sperry

*Bernard T. John*, for petitioners.

CARR, P. J., February 27, 1951.—This is a petition under Pa. R. C. P. 2039 for the approval of a proposed compromise of an action for personal injuries to a minor, and for distribution of the fund.

Petitioners are Clarence Edward Walker and Iva Catherine Walker, his wife, of Melcroft, the adoptive parents of Sarah Jane Walker, a child seven years of age at the time of her injury. The accident occurred at Connellsville after dark on the evening of December 30, 1948, when in attempting to cross, perhaps running, from the west to the east side of Pittsburgh Street, she was struck near the east curb by the right front fender of a northbound automobile and suffered, in addition to lesser injuries, a badly broken and splintered right femur, as the result of which and of complications that developed she is likely to be crippled for life. She was confined to the Connellsville Hospital for 250 days, was in a cast for five or six months, and has had to undergo a series of operations on her leg necessitated by the repeated loosening of the screws in the plate attached to the bone to hold it in place. She now has a fixation of the right knee due to the length of time she was in the cast and to the fracture of her patella under manipulation.

The amount of the proposed compromise is $6,000, but without apportionment as between the claims of the petitioners and those of the child. We consider, therefore, that petitioners have waived their right to any definite portion of the fund and consented to its distribution on equitable principles: Reice etc., v. Goldstein, 61 D. & C. 522.

In view of the question of liability we are satisfied that the offer in compromise should be accepted. We cannot, however, approve the distribution of the fund

as proposed. Although the services of counsel have been rendered gratuitously, the schedule of distribution submitted with the petition, as amended at the hearing, calls for the payment of expenses totalling $4,270.31, including the unpaid hospital bill of $1,240.31, unpaid physicians' and surgeons' bills of $1,570, and claims of petitioners themselves amounting to $1,460, largely for personal expenses and their own services. These sums aggregate more than 70 percent of the fund, and if paid in full would leave the child only $1,729.69 for her past and future pain, suffering and inconvenience and the impairment of her earning power after she becomes of age. Such an apportionment of the fund seems to us manifestly unreasonable and unjust. A compromise is, by definition, a settlement by mutual concession, and this means that all parties interested must be prepared to give up something; they cannot rightfully expect the settlement to be made wholly at the expense of the child.

## Order

And now, February 27, 1951, upon and after consideration, approval is given to the compromise settlement and discontinuance of this action for the sum of $6,000, upon the terms and conditions herein stated.

1. Of this sum, $2,000 shall be distributed and paid as follows:

To Connellsville State Hospital............$700.00
To Clinical Laboratory of the Physicians'
   Building ............................. 100.00
To Dr. Ralph L. Cox ...................... 665.00
To Dr. Joseph F. Rorke ................... 25.00
To Dr. L. Dale Johnson ................... 10.00
To Clarence Edward Walker and Iva Cath-
   erine Walker, adoptive parents of Sarah
   Jane Walker ......................... 500.00

2. The balance, amounting to $4,000, shall be distributed and paid to Fayette National Bank and Trust Company, guardian of Sarah Jane Walker.