Daniel Wilson, a minor by William Wilson and Jean Wilson, his parents and natural guardians, and William Wilson, in his own right *v.* Bensalem Township School District and William Hawk. Commonwealth of Pennsylvania, Department of Public Welfare, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Ira G. Barrows,* Assistant Attorney General, with him *Philip J. Berg,* Deputy Attorney General, *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Brenden E. Brett,* with him *Pratt, Clark, Gathright and Price,* for appellees.

OPINION BY JUDGE MENCER, December 20, 1976:

This rather novel case arises from an order of the Court of Common Pleas of Bucks County, entered February 4, 1976, approving a compromise settlement of a tort claim in favor of Daniel Wilson, a minor, and his father, William Wilson, as guardian for Daniel and in his own right. The amount of the settlement was $10,000. The court below apportioned the settlement, granting $3,983.24 to William Wilson as compensation for medical and legal expenses incurred as a result of the injury to his son. The remainder, $6,016.76, was to go to Daniel. Attorney's fees of 33 1/3 percent from William's share and 25 percent from Daniel's share were approved, following local practice. The remainder of Daniel's share was placed in an insured savings account to be available at his majority. William's share, after deduction of legal fees, was $2,655.50.

At the time Daniel was injured, William found it necessary to seek assistance from the Department of Public Welfare (DPW), which paid $2,506.40 for medical assistance to William. William in turn agreed to repay DPW by executing a reimbursement agreement.[1] The lower court apportioned the $2,655.50 remaining to William after legal fees by granting only $1,448.32 to DPW while allowing full payment of

---

[1] The lower court refers to the agreement as a standard form 176K; however, the agreement does not appear in the record.

other creditors.[2] From this distribution, DPW appeals, asserting that its claim precedes that of the attorneys and that the court was in error, in the first instance, by creating two funds, one for William and the other for Daniel. We do not agree.

The novelty of this case lies in the identity of the appellant. We have been unable to discover any cases in which a disappointed distributee other than the minor has appealed from a compromise order.

Pennsylvania Rule of Civil Procedure 2039 governs the compromise and settlement of minors' claims. The rule, as amended and made effective June 23, 1975, continues the purpose of its predecessors which is to protect the rights of minors in the settlement of their claims. The rule requires court approval of any such settlement and states, in relevant part:

> (b) When a compromise or settlement has been so approved by the court, or when a judgment has been entered upon a verdict or by agreement, the court, upon petition by the guardian or any party to the action, *shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement or judgment; or the court may make such order as it deems proper fixing counsel fees and other proper expenses.* The balance of the fund shall be paid to a guardian of the estate of the minor qualified to receive the fund, if he has one or one is to be appointed. (Emphasis added.)

The court is given wide discretion in such cases, subject to the primary interest of protecting the minor. Almost all cases arising under this rule and its prede-

---

[2] Our holding in this case does not preclude the DPW from pursuing whatever rights of collection it possesses under law or by virtue of the provisions of the reimbursement agreement.

cessors deal with petitions *by a minor* seeking to open the judgment. *See, e.g., Bollinger v. Randall,* 184 Pa. Superior Ct. 644, 135 A.2d 802 (1957). The only Pennsylvania case remotely resembling the case at bar is *Walker v. Sperry,* 77 Pa. D. & C. 475 (1951), in which the court refused to approve a distribution which paid all expenses in full to the detriment of the minor's recovery. Here DPW's alternate method of computing the distribution could have the same result. Therefore, rather than having abused its discretion, the court below has quite properly safeguarded the minor's share.

We also hold that the court below acted within its discretion when it apportioned the total settlement between the minor and his father. Indeed, had this award been the result of a judgment rather than a compromise, separate judgments would have been mandated. *See, e.g., Smith v. Bergdoll,* 104 Pa. Superior Ct. 49, 159 A. 462 (1932). We see no reason why the same should not be true of this compromise settlement.

Order affirmed.

ORDER

Now, this 20th day of December, 1976, the order of the Court of Common Pleas of Bucks County in the case docketed as No. 72-12042-08-2 is affirmed.