## Cunningham v. Wierman

*Bishop Nicklas Kauffman,* for plaintiff.
*Karen Durkin,* for defendant.

KUHN, *J.,* February 4, 1988 — On December 12, 1984, Shane Cunningham, a minor, was a passenger in an automobile driven by his mother, Patricia J. Cunningham, when that vehicle collided with another vehicle driven by Kevin Patrick Wierman. Shane suffered various injuries and incurred medical expenses, the latter being covered by State Farm Insurance Company, the first party insurance carrier.

On April 12, 1985, Patricia J. Cunningham and her husband, Charles H. Cunningham III, filed a complaint, docketed at 85-S-308, for injuries suffered by Mrs. Cunningham in the accident and for the loss of services and consortium of his wife suffered by Mr. Cunningham. Subsequently, on June 11, 1986, Patricia J. Cunningham, as parent and natural guardian of Shane, filed a complaint on the minor's behalf, docketed at no. 86-S-402, for injuries suffered by Shane in the accident. Both actions named Mr. Wierman as defendant.

On September 14, 1987, a release was executed by Mr. and Mrs. Cunningham, individually, and Mrs. Cunningham, as guardian of Shane, releasing defendant, and his insurance carrier, Aetna, from all claims against them rising out of the accident, in

exchange for policy limits of $100,000. The release did not provide how the settlement was to be apportioned among plaintiffs.

On September 24, 1987, plaintiff's counsel filed separate praecipes with the prothonotary satisfying and discontinuing both actions.

On November 25, 1987, Mrs. Cunningham filed a petition requesting court approval for discontinuance of the minor's claim at No. 86-S-402. Therein she states that the entire balance[1] of the settlement with defendant and Aetna has been paid to her for her individual injuries. She states that plaintiffs are covered by two policies of insurance for underinsured motorist coverage each in the amount of $50,000 per person and $100,000 per accident. Mrs. Cunningham desires this court to discontinue the minor's action and allow her to retain all the proceeds of the Aetna settlement with the understanding that Shane's claim will be pursued in an arbitration action filed in York County[2] against the underinsured carrier, State Farm.

Petitioner suggests that the policy goal of the Motor Vehicle Financial Responsibility Law, February 12, 1984, P.L., 26, effective October 1, 1984, 75 P.a.C.S. §1701, et seq., is to enable those persons suffering injury to maximize recovery. Petitioner envisions a benefit scheme for herself of $196,493.70 achieved by recovering $96,493.70 from Aetna and $100,000[3] from State Farm. Shane's recovery would be determined in the arbitration action.

Counsel for Aetna and State Farm argue that Pa.R.C.P. 2039 requires this court to establish

---

1. Less $3,506.30 specifically designated for property damage.

2. The Cunningham family resides in York County, Pa.

3. Two policies x $50,000 each = $100,000.

Shane's compensatory recovery. They further argue that this court has no jurisdiction to protect Shane's interest in the York County action against State Farm and that action cannot proceed until the Adams County actions are disposed of by the court.

Petitioner concedes that Shane's claim would not exceed the Aetna policy limits. Therefore, petitioner contends, if Shane's compensation is directed from the Aetna settlement, he would not be entitled to any underinsurance coverage. Mrs. Cunningham's potential recovery would then be lessened to $100,000 from State Farm plus the balance of the Aetna settlement, if any, after deducting Shane's recovery.

The issue before this court is whether we must assure Shane's recovery at the risk of possibly forfeiting some portion of a potentially larger family recovery. We conclude that our primary responsibility is to assure the minor's recovery.

Pa.R.C.P. 2039(a) provides that:

"No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."

The purpose of this rule is to protect the rights of minors in the settlement of their claims. *Wilson v. Bensalem Township School District*, 27 Pa. Commw. 609, 611, 367 A.2d 397, 398 (1976). In fact, in all actions involving a minor, the best interests of the child are of paramount and controlling importance, therefore, the minor's interest must be protected above all other conflicting interests. *Klein v. Cissone*, 297 Pa. Super. 207, 213, 443 A.2d 799, 802 (1982).

The difficulty with supporting petitioner's position is that this court has no control over the underinsured arbitration action in York County, and

therefore, no ability to protect the minor's interest. Nor can the arbitration action proceed until disposition is made of the case sub judice. Aetna has put its policy limits on the table. If Shane gets none of this sum and, for some reason, the York County action is discontinued or dismissed as to Shane, his right to recovery has not been protected. One may argue that, as a practical matter, Mrs. Cunningham will vigorously pursue her claim and Shane's claim in arbitration. However, the court does not feel comfortable in gambling with Shane's recovery no matter how sure its results.

Pennsylvania's long history of protecting the rights of minors in litigation is very strong and must prevail in this case. We do not suggest that the Motor Vehicle Financial Responsibility Act, with its inclusion of underinsured coverage, does not evidence a liberal policy of recovery by persons suffering extensive injury. We merely conclude that under the peculiar circumstances of this case, this court has no choice except to protect Shane's interest. Mrs. Cunningham is not thereby being precluded from seeking underinsured benefits. She may, however, be limited in the amount of such recovery.

Wherefore, we enter the attached

## ORDER OF COURT

And now, this February 4, 1988, plaintiff's petition for approval of discontinuance of a minor's action is denied. The court directs counsel within seven days of this order to make arrangements with the court administrator for scheduling a hearing on the apportionment of damages for Shane M. Cunningham from the settlement proceeds paid by defendant's insurance carrier.