**ESTATE OF Georgia L. MURRAY, by the Administrator, The YORK BANK & TRUST COMPANY**

**v.**

**Jessica L. LOVE.**

**Appeal of FRANKEL & ASSOCIATES P.C., D/B/A Frankel, Bare & Associates.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1991.

Filed Jan. 31, 1992.

Douglas R. Bare, York, for appellants.

John R. Gailey, Jr., York, for Coleman, participating party.

Before WIEAND, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from an order modifying the contingency fee agreement between the administrator of the estate of Georgia L. Murray and the law firm of Frankel & Associates. On appeal, appellant, Frankel & Associates, has raised an issue not previously before this court; whether a trial court may fix attorneys' fees pursuant to Pa.R.C.P. 2206. We hold that trial courts are so empowered.

The events preceding this appeal are as follows. Georgia L. Murray (decedent) was struck and killed by an automobile while walking down a city sidewalk.[1] Ms. Murray was

---

1. Two other individuals were also injured in the accident, Reynaldo Rodriquez and Jennifer Gooler. Ms. Gooler's claim was disposed of

survived by her three children, all under the age of four, and by her parents. Following the death of her daughter, decedent's mother filed a petition for the grant of Letters of Administration with the York County Register of Wills.

Decedent's boyfriend, Phillip Martin, and the father of decedent's youngest child, filed a caveat to the mother's petition. At this juncture, appellant represented Mr. Martin. Eventually, Mr. Martin renounced his claim to the letters and requested that York Bank and Trust Company (Bank) be appointed administrator. After testimony and findings, the Register of Wills granted Letters of Administration to the Bank. In its capacity as administrator, Bank retained appellant to pursue a wrongful death action[2] against the driver of the automobile, Jessica L. Love (defendant). For its services, appellant was to receive one-third of the gross recovery.

Decedent's mother appealed the grant of letters to the York County Orphans' Court Division. A hearing was held during which decedent's mother challenged the propriety of the one-third contingency fee agreement. Despite testimony that the mother would not charge an administrator's fee, nor enter into a contingent fee agreement in excess of ten (10) percent, the orphans' court affirmed the grant of letters to the Bank because of the animosity which existed between decedent's mother and boyfriend over custody of decedent's children.

by a judgment of non pros. Mr. Rodriquez pursued his claim against the driver of the automobile.

2. 42 Pa.C.S.A. § 8301. Section 8301 provides:
   (a) General rule.—An action may be brought to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime.
   (b) Beneficiaries.—Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased.... The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.

Soon after appellant began representing the estate, it was approached by defendant's insurance carrier who offered the policy limits to all claimants. (N.T. 9/24/90 at 25–7, 32). At this point, the only issue remaining for resolution was the division of the proceeds between the estate and the other claimants.

To resolve this issue, appellant filed a complaint and defendant responded by filing a petition for interpleader. The net result of the petition was a judgment of non pros entered against one claimant and extensive negotiations between the estate and the remaining claimant. Eventually, an amicable division of the insurance proceeds was reached and a petition for approval was filed with the court.[3]

Pursuant to Pa.R.C.P. 2206, the trial court approved the settlement, but reduced appellant's fee to twenty (20) percent of the recovery. Appellant petitioned the trial court for reconsideration. Its petition was denied and a timely appeal was taken to this court.

In its brief, appellant asserts that it is an abuse of discretion for the trial court to: (1) base its opinion on unsupported factual findings; (2) exceed its authority under Pa.R.C.P. 2206; (3) reduce counsel fees below twenty-five (25) percent;[4] and, (4) find that the record does not support a one-third contingency fee. For the reasons discussed below, we find that the trial court has not abused its discretion.

---

**3.** Decedent's mother, as guardian of two of decedent's children, filed an answer to the petition for approval. In her answer, the mother approved of the proposed settlement, but challenged the requested attorneys' fees.

**4.** It is the practice of the York County courts to limit contingency fees obtained in settling a minor's claim to twenty-five (25) percent and appellant contends that any reduction in its fee should be limited to this percentage. For the reasons discussed *infra*, we believe that when a trial court sets a fee pursuant to Pa.R.C.P. 2206, the court should set a fee which is fair and equitable to the minor without regard to whether the fee exceeds or is less than a particular percentage.

Rule 2206(a) provides, in part, that a wrongful death action in which a minor has an interest may not be compromised or settled until the court, upon petition of any party, approves the settlement as being fair and equitable. Additionally, rule 2206(c) states that a trial court "may ... approve an agreement for the payment of counsel fees and other proper expenses out of the share of damages to which a minor is entitled" from a wrongful death action. We have not previously addressed the limits of a court's power under this rule.

The courts of common pleas differ in their interpretation of the power granted to them by rule 2206. In *Arndt's Adm'r v. Davis*, 34 Pa.D. & C.2d 444 (Lancaster 1965), the Lancaster County Court of Common Pleas noted that under rule 2206 it had the authority to fix counsel fees payable from a minor's share of a wrongful death recovery. This same proposition was also put forth by the Washington County Court of Common Pleas in *McAlister v. Stevens*, 41 Pa.D. & C. 612 (Washington 1941). However, the Philadelphia County Court of Common Pleas has taken a more restrictive view of the power conveyed by rule 2206(c). In *Wexler v. Philadelphia Transp. Co.* 3 Pa.D. & C.2d 122 (Philadelphia 1956), the court found that Rule 2206 only conferred the power to approve attorney's fees, not the power to fix such fees. To resolve this conflict, we must ascertain and give effect to the intent of our Supreme Court when it adopted rule 2206. Pa.R.C.P. 127.

A wrongful death action is the means by which a decedent's survivors are compensated for the pecuniary loss they have sustained as the result of the death of a loved one. *Slaseman v. Myers*, 309 Pa.Super. 537, 455 A.2d 1213 (1983). When one or more of the survivors are minors, our Supreme Court has adopted a rule which requires court approval before any such wrongful death action may be settled, compromised or discontinued. Pa.R.C.P. 2206. The purpose of this rule is to ensure that a minor's interest is protected and that any settlement entered into for the benefit of the minor is fair and equitable.

■ To further protect the interests of minor beneficiaries, a trial court has the authority to approve fee agreements payable out of the minor's share of a wrongful death settlement. Pa.R.C.P. 2206(c). It is appellant's contention that the trial court's authority under rule 2206 is limited to approving an agreement for the payment of counsel fees and therefore, the trial court cannot fix or modify fee agreements. While this argument is supported by a superficial reading of the rule, such a reading is not supported by our Supreme Court's rules of construction, nor our interest in promoting judicial economy.

■ Our reading of rule 2206 indicates that our Supreme Court adopted this rule to make certain that a minor receives a fair and equitable settlement of his or her interest in a wrongful death action. To further protect a minor's interest, the Supreme Court empowered trial courts to approve agreements governing attorneys' fees, we believe, with the intent to ensure that such fees are also fair and equitable.

■ If we should limit a trial court's power to approving fair and equitable fee agreements and disapproving what the court finds to be either unfair or inequitable, the trial court will be required to address endless petitions from dissatisfied counsel. This would be an unnecessary waste of judicial resources. As we are required to construe rule 2206 in such a manner as to secure "the just, speedy and inexpensive determination of every action or proceeding," we hold that rule 2206 confers the power to approve or disapprove fee agreements, and the power to fix counsel fees. Pa.R.C.P. 126.

Appellant argues that such an interpretation is contrary to our Supreme Court's intent and in support of its argument, our attention is directed to Pa.R.C.P. 2039. Rule 2039 provides that:

(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by

the court pursuant to a petition presented by the guardi-an of a minor.

(b) When a compromise or settlement has been so approved by the court, or when a judgment has been entered upon a verdict or by agreement, the court, upon petition by the guardian or any party to the action, shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise or judgment; or the court may make such order as it deems proper fixing counsel fees and other proper expenses.

Appellant contends that the language of rule 2039 indicates that when our Supreme Court empowers the trial courts with the authority to fix attorneys' fees, it does so in clear and unmistakable language; thus, rule 2206 conveys only the power to approve fee agreements and nothing more. This argument neglects to consider the purpose behind promulgation of rules 2039 and 2206.

Rule 2039 was adopted to ensure that the interests of minor litigants are protected above all other conflicting interests. *Klein v. Cissone*, 297 Pa.Super. 207, 213, 443 A.2d 799, 802 (1982). To adequately protect minors' interests, the power to supervise settlements was conveyed to the courts. *Wilson v. Bensalem Township School Dist.*, 27 Pa.Commw. 609, 367 A.2d 397 (1976). Without such a rule, trial courts would lack the power to prevent settlements which are unfair to minor litigants. Goodrich–Amram 2d § 2039(a):1 (1977).

Rule 2206 is also intended to protect the rights of minor litigants. Before its adoption, minor children had no right to recover for the wrongful death of a parent when the deceased parent was survived by his or her spouse. *Shambach v. Middlecreek Elec. Co.*, 45 Pa.Super. 300 (1911), *aff'd*, 232 Pa. 641, 81 A. 802 (1911). Thus, a surviving spouse could settle a wrongful death action without obtaining the consent of the childrens' guardian and more troubling, without regard as to whether the settlement was fair

to the minor children. And because such a settlement precluded the childrens' guardian from pursuing the claim further, it was possible to prevent minors from obtaining a just recovery for the wrongful death of a parent.

To prevent such an unfair result, rule 2206 was adopted to impose judicial scrutiny on wrongful death settlements involving minor beneficiaries. Although rule 2206 does not expressly convey the same powers as rule 2039, both rules are intended to protect the rights of minor litigants. Thus, our Supreme Court must have intended to convey similar powers under both rules. If not, the best interests of minor litigants cannot be fully protected.

■ Because we find that the trial court had the authority to modify the instant fee agreement, we must next determine if the trial court's decision to modify the agreement is supported by the record and by the relevant law. As in all cases where the reasonableness of an attorneys' fee is questioned, our power of review is necessarily limited. We may only reverse the trial court if we find an abuse of discretion or an error of law, *Gilmore v. Dondero*, 399 Pa.Super. 599, 605, 582 A.2d 1106, 1108 (1990); *Romano v. Lubin*, 365 Pa.Super. 627, 630, 530 A.2d 487, 488 (1987); *In re Estate of LaRocca*, 431 Pa. 542, 547, 246 A.2d 337, 339 (1968), and we will not find that the trial court has abused its discretion unless the award is based on erroneous factual findings or irrelevant legal factors. *Dondero, supra.*

■ In determining the reasonableness of appellant's fee, the trial court must consider:

.... the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for

the services rendered; and, very importantly, the amount of money or the value of the property in question. *LaRocca, supra,* 431 Pa. at 546, 246 A.2d at 339. We have carefully reviewed that trial court's opinion and we find that the court properly considered the above factors before it modified the instant fee agreement.

In the instant case, the net proceeds available for distribution to decedent's children is $273,625.17. We recognize that this sum was obtained as a result of appellant's negotiations with counsel for the insurance carrier and a third party claimant. But, this is not a fund created by the attorney. *See Id.* 431 Pa. at 547, 246 A.2d at 339. To the contrary, this sum reflects the net proceeds of an insurance policy which was always available to decedent's estate and which was offered to the estate shortly after appellant began its representation.

Appellant expended slightly more than fifty-three (53) hours in reaching this settlement. Petitioner's Exhibit 11.[5] Most of this time was spent negotiating the division of insurance proceeds with the insurance carrier and counsel for the third party claimant. *Id.* As the trial court correctly found, appellant conducted a minimal amount of discovery and drafted limited pleadings. *Id.;* (T.C.O. at 5–6).[6] We can find no evidence that the issues presented to appellant were overly complex or out of the ordinary. Accordingly, we find that counsel fees of twenty (20) percent are fair and equitable under the facts of this case.[7]

5. In addition to the fifty-three hours previously mentioned, this exhibit also describes approximately twenty hours of legal services provided to Mr. Martin and the Bank in resolving the dispute over issuance of Letters of Administration. Appellants attempt to justify its fee by directing a court's attention to hours expended in a matter outside the scope of the fee agreement is unseemly and we do not condone such conduct. See also (T.O.P. at 19, 27–9).

6. T.C.O. denotes Trial Court Opinion of 9/28/1990.

7. Appellant also contends that the trial court based its opinion on two additional erroneous factual findings which we have not yet addressed. Specifically, the finding that the contingent fee agreement was the source of the antagonism between the parties and that decedent's mother did not strongly object to the contingent fee agree-

Appellant contends that we should reverse the trial court's order as we did previously in the case of *Romano v. Lubin, supra.* However, *Romano* is factually distinguishable from the instant case.

In *Romano,* the trial court stated that its decision was based on the factors enunciated in *LaRocca, supra.* However, the *Romano* court went on to state that:

> it weighed the interests of the brain damaged child against the interests of his law firm. The court stated that it was required to 'scrupulously [protect]' the rights of the child and therefore, felt duty bound to reduce the attorneys' fee so as to increase the minor-client's share of the settlement.

*Id.* 365 Pa.Super. at 629, 530 A.2d at 488. It was this impermissible weighing of conflicting interests that lead us to reverse the trial court in *Romano,* a factor not evidenced by the record in the instant appeal. Accordingly, we find that *Romano* is not dispositive to our decision in the case now before us.

Order affirmed.

ment. Because our reading of the trial court's opinion indicates that these findings were not relied on in reducing appellant's fee, we find it unnecessary to address the accuracy of these determinations.