**Dusza v. Allebach**

*Martin N. Ghen,* for plaintiffs.
*Stephen B. Harris,* for minor plaintiff.

SOKOLOVE, *J.,* May 4, 1992—This matter involves an appeal filed from this court's order approving a

minor's compromise settlement and the allocation of its proceeds.

A hearing was held by Judge R. Barry McAndrews on the plaintiffs' petition to approve the compromise settlement of the minor's claim for injuries sustained in an accident.

The settlement proposed a gross sum of $200,000 to be allocated as follows: $66,000 fee to counsel, $27,784.68 to Edward and Theresa Dusza, parents of the minor, $6,215.33 for "costs" paid by counsel and the balance of $99,954 to provide a structured settlement agreement on behalf of the minor.

After hearings held before Judge McAndrews, the total settlement of $200,000 was approved, but the court reduced the counsel fee to $50,000 (25 percent of the gross), allowed $4,435 to counsel for "expenses" and directed that $45,565 "be integrated into the structured settlement" provided for the minor. This was an "interim order" entered by Judge McAndrews on December 27, 1991.

Thereafter, Martin Ghen, counsel for the plaintiffs, moved for the appointment of a guardian ad litem for the minor and sought reconsideration of Judge McAndrews' order. The matter was thereupon transferred to the Orphans' Court for hearing on Mr. Ghen's motion for reconsideration.

On February 13, 1992, we held a hearing on the motion. The findings we made had the following net effect:

We refused to reconsider Judge McAndrews finding that 25 percent was appropriate in this minor's case, which was settled before trial.

We refused to modify Judge McAndrews' reduction of the "costs" or "expenses" payable to counsel from $6,215.32 claimed to $4,435 allowed.

We considered testimony from the parents of the injured minor as to certain out-of-pocket expenses incurred as a result of the minor's injury. We refused to consider any "loss of consortium" by the parents. We allowed the parents $6,221.19 based on transportation expense, some lost income for time spent at the hospital and some miscellaneous out-of-pocket costs.

Our order dated February 13, 1992, provides the sum of $39,343.81 payable to the minor, in addition to the $99,954 originally invested on his behalf.

One of the questions presented at the hearing before us arises out of the inability to integrate the additional sum into the already purchased settlement contract provided by the insurer. We, therefore, provided that the $39,343.81 be placed in a restricted account in accordance with Pa.R.C.P. 2039(b)(2).

An appeal to the Superior Court from our order of February 13, 1992, was filed by counsel "on behalf of the minor."

Counsel's statement of matters complained of on appeal alleges that this court abused its discretion in reducing counsel fees from $66,000 (about one-third) to $50,000 (25 percent) and in reducing reimbursement of "litigation expenses" to counsel by the amount of $1,780.32.

By order dated March 13, 1992, we appointed Stephen B. Harris, guardian ad litem and counsel to represent the minor in the matter of this pending appeal.

The fee of 25 percent of the gross value of the settlement was appropriately established by Judge McAndrews. Upon the submission of counsel's petition for minor's compromise, hearings were held on November 26 and December 27, 1991. Counsel's petition alleged, inter alia, that "[c]ounsel incurred time and expenses pursuing first and third party claims" involving 199 hours and that this time was spent "but not limited to the *investigation* and preparation of plaintiffs' claim...."* (emphasis added) The petition further alleges that there was a contingent fee agreement providing for a fee of 45 percent of the sum recovered.

Pa.R.C.P. 2039 provides that:

"(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."

Subparagraph (b) of that rule then provides that the court shall:

"make an order approving or disapproving any agreement entered into by the guardian for payment out of the fund created by the compromise; or *the court may make such order as it deems proper fixing counsel fees* and other proper expenses...." (emphasis supplied)

Bucks County Local Rule 2039(a)*(1) provides:

"*(1) A petition for minor's compromise, settlement or discontinuance shall include the following:...

---

\* Petition for leave to compromise minor's action, p.5.

We note that the hourly charge includes time for "investigation," which coincides with the significant reduction in counsel's claimed reimbursement for the costs paid to an investigator.

"(d) Substantial justification for any counsel fee (other than reimbursement for expenses) in excess of 25 percent of the gross recovery attributed to the minor;..."

The Superior Court has recently stated the purpose behind Pa.R.C.P. 2039:

"Rule 2039 was adopted to ensure that the interests of minor litigants are protected above all other conflicting interests. *Klein v. Cissone,* 297 Pa. Super. 207, 213, 443 A.2d 799, 802 (1982). To adequately protect minors' interests, the power to supervise settlements was conveyed to the courts. *Wilson v. Bensalem Township School Dist.,* 27 Pa. Commw. 609, 367 A.2d 397 (1976). Without such a rule, trial courts would lack the power to prevent settlements which are unfair to minor litigants. Goodrich-Amram 2d §2039(a):1 (1977)." *Estate of Murray v. Love,* 411 Pa. Super. 618, 625, 602 A.2d 366, 369 (1992).

The trial court is given broad discretion to implement the goals of Rule 2039 in establishing a fair attorney's fee. Its award will not be overturned unless it is based on erroneous factual findings or irrelevant legal factors. *Gilmore v. Dondero,* 399 Pa. Super. 599, 605, 582 A.2d 1106, 1108 (1990).

The standard for determining the reasonableness of a counsel fee is set forth in *In re Estate of LaRocca,* 431 Pa. 542, 546, 246 A.2d 337, 339 (1968). There, the factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the

degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and very importantly, the amount of money or value of the property in question. A similar standard of compensation is contained in Rule 1.5 of the Rules of Professional Conduct, adopted by the Pennsylvania Supreme Court on October 16, 1987, effective April 1, 1988.

In the case of *Estate of Murray v. Love, supra,* the Superior Court affirmed the trial court's reduction of counsel fees from one-third to 20 percent in a wrongful death action with a minor beneficiary. There, the court found that counsel had spent slightly more than 53 hours in reaching a settlement resulting in net proceeds to the beneficiaries of $273,625.17. Counsel had conducted minimal discovery and drafted limited pleadings. The issues were not overly complex or out of the ordinary. Utilizing the *LaRocca* criteria, the Superior Court held that 20 percent was a fair and equitable counsel fee under the circumstances.

In a similar fashion, our review of the record convinces us that Judge McAndrews properly applied the *LaRocca* standards to the facts of this case in setting the attorney's fees at 25 percent. See also *Wilson v. Bensalem Township School Dist.,* 27 Pa. Commw. 609, 367 A.2d 397 (1976); *Johnson v. Sears Roebuck & Co.,* 291 Pa. Super. 625, 436 A.2d 675 (1981).

In this matter, counsel's hourly rate, based on his own record of time, would be $331 per hour. This court's adjustment of the fee to $50,000 for the 199

hours submitted by counsel results in a very reasonable $251.25 per hour.

In considering the claim for counsel's "costs" or "expenses," we have understood that counsel fees, whether based on a percentage of recovery or an hourly rate, include assumed law office "overhead." It is for this reason that in this case we concurred with Judge McAndrews' decision that an "expense" for "investigator" was a duplication of the services contemplated and paid for under the designation "fees." Accordingly, the expenses claimed by counsel were reduced to eliminate this double payment.

For the foregoing reasons, we entered the order from which appeal has been taken.