672 A.2d 331

**Sandra Jean SHAW, a Minor by Lorrie Ann INGRAM, her Parent and Natural Guardian and Lorrie Ann Ingram, In Her Own Right, Appellants,**

v.

**Vernon F. BRADLEY, M.D. and Altoona Hospital.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1995.

Filed Feb. 27, 1996.

Regis M. McClelland, Pittsburgh, for appellant.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

PER CURIAM:

This is an appeal from the March 2, 1995 Order awarding plaintiffs' counsel attorneys' fees of $268,750.00 plus costs of $14,711.68. The fees represent twenty-five per cent (25%) of the $1,075,000 verdict secured for the minor plaintiff, a reduction from the forty per cent (40%) contingency fee on which the parties had originally agreed and the thirty-five per cent (35%) fee to which plaintiffs' counsel had acquiesced at time of settlement.

The appellant law firm of Harrington Schweers Dattilo and McCleland argues the court abused its discretion by arbitrarily reducing its fee in accordance with the court's own policy regarding minors' cases, without proper consideration for the

work performed and based on irrelevant legal factors and facts not of record. Accordingly, appellant prays the Order be vacated and an Order directing payment of $376,250 or 35% of the award be entered.[1]

Pennsylvania Rule of Civil Procedure 2039 provides the parties' power to settle and/or discontinue a minor party's lawsuit is subject to court approval. Likewise, the rule mandates any agreement entered into on behalf of a minor plaintiff for payment of counsel fees from the settlement reached requires court approval. *Id.* The factors to be taken into consideration by the court when determining the reasonableness of counsel fees include, but are not limited to, 1) the amount of work performed; 2) the character of the services rendered; 3) the difficulty and importance of the litigation; 4) the amount of money in question; 5) the skill and standing of the attorney(s); and 6) the client's ability to pay. *In re Trust Estate of LaRocca,* 431 Pa. 542, 246 A.2d 337 (1968); *Gilmore by Gilmore v. Dondero,* 399 Pa.Super. 599, 582 A.2d 1106 (1990). A trial court's decision in awarding attorneys' fees pursuant to Pa.R.C.P. 2039 will be reversed only upon the showing of an abuse of discretion or error of law. *Romano by Romano v. Lubin,* 365 Pa.Super. 627, 530 A.2d 487 (1987), alloc. granted sub nom. *Petition of Toner,* 518 Pa. 620, 541 A.2d 747 (1988) (appeal discontinued April 26, 1988). Plain error will be found where the award is based either on factual findings for which there is no evidentiary support or on legal factors other than those which are relevant to such an award. *Gilmore, supra.*

Our thorough review of the record and the trial court's thoughtful, well-reasoned Opinions [2] reveals no abuse of discretion or error of law, the court having carefully applied the *LaRocca* criteria to the facts with which it was faced. This medical malpractice case, which was initiated by plaintiff mother's visit to counsel on January 15, 1992 and concluded by

---

1. Appellees have not filed a brief.

2. The trial court penned one Opinion in support of its Order and a second supplemental Opinion in support of its decision denying appellant's motion for reconsideration.

settlement reached on or about March 9, 1994, involved no extraordinarily complex issues and was settled prior to trial through implementation of the discovery process. The court reviewed counsel's breakdown of its billable hours (667.5) and found only 440 of those hours reflected actual legal involvement by attorneys, with the balance representing time for which an attorney does not ordinarily expect to be compensated. Acting as parens patriae or financial steward for the minor child, the court recognized the importance of the litigation to the anticipated lifetime maintenance required for the permanently incapacitated plaintiff. The settlement figure reached, with a present value of $1,075,000,[3] exhausted the policy of defendant Altoona Hospital and included catastrophic loss (CAT) funds. While admittedly plaintiffs' counsel negotiated the settlement, the court reasonably opined the hospital's willingness to offer the limits of its policy prior to trial was reflective of the strength of the case and not necessarily indicative of appellant's advocacy. Appellant's argument it is receiving a low percentage of an expected dollar figure should plaintiff reach her life expectancy is spurious as appellant is receiving its fees contemporaneous to the award, based on its present $1,075,000 value. Counsel's skill was not questioned by the trial court, nor does this Court now challenge appellant's expertise or effort. As guardian of the minor plaintiff's award, the trial court properly considered her ability to pay a reasonable fee and her inability, given her prognosis, to pay a fee which was more than reasonable. In further support of its decision reducing attorneys' fees from 35% to 25%, the trial court referenced Blair County awards in excess of $1,000,000 which often have resulted in the grant of attorney fees totaling 20%. In its supplemental Opinion, the trial court went on to cite neighboring counties' policies and recent Superior Court cases corroborating its decision to reduce the fees to 25% of the award. *Estate of Murray v. Love*, 411 Pa.Super. 618, 602 A.2d 366 (1992); *Gilmore by Gilmore v. Dondero*, 399 Pa.Su-

---

**3.** Beginning in August, 1996, plaintiff will receive a monthly payment of $1,467, as well as lump sum payments at specified ages. Should minor plaintiff reach her life expectancy, total payment would be in excess of five million dollars.

per. 599, 582 A.2d 1106 (1990). While recognizing the contingent fee as the "poor man's key to the courthouse", referring to *Romano, supra,* the trial court nevertheless reiterated its role and obligation as caretaker of the minor plaintiff's financial interests. The trial court took particular care to note it did not, as suggested by appellant, weigh the injured child's interest against the deep-pockets law firm. "We have tried to weigh only in the sense of treating each party fairly out of a designated pool of money." (Supplemental Op., Carpenter, J., 5/23/95, p. 18.) "We cannot imagine that this award is unjust in any significant particular." (*Id.* at 20.)

Our review of the record confirms the trial court's decision awarding attorneys' fees in the amount of $268,750, representing adequate compensation for services rendered, and being indicative of a fee which is fair but not excessive. Based on the foregoing reasons of law and fact, we affirm the Order awarding to plaintiffs' counsel attorneys' fees of $268,750 and costs totaling $14,711.68.

Order affirmed.