Marjorie R. McMULLEN, Appellant

v.

Ronald E. KUTZ, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 4, 2006.
Filed May 16, 2007.

Lisa M. Coyne, Camp Hill, for appellant.

Mark F. Bayley, Carlisle, for appellee.

BEFORE: TODD, BENDER, and COLVILLE,* JJ.

OPINION BY TODD, J.:

¶ 1 Marjorie R. McMullen ("Wife") appeals the February 21, 2006 order of the Cumberland County Court of Common Pleas awarding her $1,200, instead of the $2,931.99 she had requested, in legal fees. We affirm.

¶ 2 The relevant facts and procedural history of this case may be summarized as follows. On July 7, 2000, the parties entered into a separation and property settlement agreement under which Ronald E. Kutz ("Husband") agreed to pay Wife $1,250 a month in child support for the support of their 5 children through the age of 22 provided the children pursued a full-time college education after their 18th birthday. The agreement further specified that if either party breached any provision of the agreement, that party would be responsible for paying legal fees and costs incurred by the other party in enforcing their rights under the agreement.[1]

¶ 3 On September 13, 2005, Wife filed a petition to enforce the settlement agreement, claiming that Husband had failed to pay child support for their oldest son in July and August of 2005, and that Husband had failed to pay her full share of his military pension. Wife requested the court find Husband in contempt and order him to pay in full the back child support and military pension amounts he owed, and pay her $2,931.99 in legal fees she incurred as a result of his breach. Following a hearing, on December 22, 2005, the court issued an order directing Husband to pay $500 in back child support and $281.82 in back pension pay, but deferred the issue of legal fees. On February 21, 2006, the court issued an order directing Husband to pay Wife $1,200 in counsel fees, and this appeal followed, wherein Wife presents two issues for our review:

I. Did the trial court err in substituting its own judgment of reasonable attorney's fees when the contract, previously agreed to by both parties, required payment of the legal fees and costs actually "incurred"?

II. Did the trial court err in considering settlement negotiations, or any lack thereof, as a factor in determining the reasonableness of the attorney's fees actually incurred?

(Appellant's Brief at 5.)

¶ 4 Preliminarily, we note that this Court's review of an order resolving a contempt petition is limited to deciding whether the trial court abused its discretion. *McMahon v. McMahon*, 706 A.2d 350, 355 (Pa.Super.1998). A trial court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in an unreasonable

* Retired Senior Judge assigned to the Superior Court.

1. Paragraph 17 of the agreement states:

   BREACH: If either party breaches any provision of this Agreement, the other party shall have the right, at his or her election, to sue for damages for such breach or seek such other remedies or relief as may be available to him or her, and the party breaching this contract shall be responsible for payment of legal fees and costs incurred by the other in enforcing their rights under this Agreement.

   (Separation and Property Settlement Agreement, 7/7/00, at ¶ 17.)

manner, or does not follow legal procedure. *Glynn v. Glynn,* 789 A.2d 242, 248 (Pa.Super.2001).

¶ 5 Relying on this Court's decision in *Creeks v. Creeks,* 422 Pa.Super. 432, 619 A.2d 754 (1993), Wife first argues that by the clear and unambiguous terms of the parties' agreement, which specified that the breaching party, in this case Husband, was responsible for the "payment of legal fees and costs incurred by [Wife] in enforcing [her] rights under [the] Agreement," (Separation and Property Settlement Agreement, 7/7/00, at ¶ 17), upon finding that Husband breached the agreement, the trial court was required to award Wife the full amount of her legal fees, regardless of whether they were reasonable. We disagree, and find *Creeks* to be distinguishable. In *Creeks,* this Court found that the trial court had erred when it concluded that the husband in that case had not breached the parties' marital contract, and in refusing to award legal fees to the wife pursuant to a provision of that contract. Unlike *Creeks,* here, it is undisputed that Husband breached the parties' agreement and that Wife is entitled to an award of at least some of the legal fees she incurred in pursuing this case. Moreover, contrary to the legal fees provision at issue here, which provides for the payment of such fees without specifying that they must be reasonable, the provision at issue in *Creeks* specifically required the fees to be "reasonably expended." *See* 422 Pa.Super. at 438, 619 A.2d at 757.

■ ¶ 6 The issue in this case, which was not before us in *Creeks,* is whether legal fees must be reasonable even though the contract providing for the award of such fees does not specify that they must be reasonable—that is, whether a reasonableness requirement is implicit in the agreement. Based on our decision in *Duffy v. Gerst,* 286 Pa.Super. 523, 429 A.2d 645 (1981), we find that it is. In *Duffy,* the parties had entered into a contract for the sale of real estate, and the buyer was awarded $3,500 in counsel fees under the agreement after the seller defaulted.[2] Relevant to this case, although the agreement in *Duffy* provided for the award of attorneys fees, it did not specify that they must be reasonable. This Court read such a requirement into the agreement, however, noting: "It may be assumed that implicit in this provision is the condition that the attorney's fee must be a reasonable fee." *See Duffy,* 286 Pa.Super. at 531, 429 A.2d at 650.

¶ 7 Our finding on this issue is bolstered by decisions from our sister state of Maryland, most notably, the Maryland Court of Special Appeals decision in *Rauch v. McCall,* 134 Md.App. 624, 761 A.2d 76 (2000). As in this case, the issue in *Rauch* involved whether the trial court was precluded from examining a counsel fee request for reasonableness when the agreement in question provided for the award of counsel fees but did not specify that they must be reasonable. Despite the lack of the specific word "reasonable" in the agreement, the *Rauch* court found it im-

**2.** The agreement of sale in *Duffy* provided that in the event of seller's default, the buyer could elect to:

> (w)aive any claim for loss of bargain, in which event Seller ... agrees to repay to Buyer the earnest money ... and, in addition, reimburse Buyer for all direct, out-of-pocket costs and expenses (i.e., title examination, survey, and attorney's fees) and to

> this end Seller does ... authorize ... any attorney ... to ... confess judgment ... for said earnest money .... and for said direct, out-of-pocket costs and expenses including an attorney's commission of 10% (but not less than $200.00) together with costs of suit....

*Duffy,* 286 Pa.Super. at 530–31, 429 A.2d at 649.

plicit in the agreement that the fees awarded were to be reasonable and that the fees were to be reviewed accordingly. This approach was subsequently adopted by the Maryland Court of Appeals. *See Atlantic Contr. & Material Co., Inc. v. Ulico Cas. Co.*, 380 Md. 285, 844 A.2d 460, 478 (2004) (citing *Rauch*, court held that when a contract entitles a party to recover counsel fees, the trial court must examine the fee request to determine whether it is reasonable even in the absence of a provision requiring that the fee request be reasonable).

■ ¶ 8 Based on *Duffy* and the decisions from our sister state, we conclude that when a contract provides for the award of counsel fees, but does not specify that they must be reasonable, the trial court must nonetheless examine the fees for reasonableness. In other words, the prevailing party is only entitled to recover reasonable fees, even if the contract does not have a provision specifying that the fees must be reasonable. In this case,

even though paragraph 17 of the parties' agreement does not specify that whatever fees are incurred must be reasonable, we read that requirement into the agreement and reject Wife's contention that the trial court erred by examining Wife's legal fees for their reasonableness.

■ ¶ 9 Wife next argues that the trial court erred in considering the lack of settlement negotiations in determining the reasonableness of the legal fees she incurred.[3] While we agree that offers of settlement or compromise of a disputed claim are not admissible in evidence to prove liability for or invalidity of the claim or its amount, *see* Pa.R.E. 408,[4] the failure of Wife's counsel to attempt to resolve Wife's claim short of litigation is not an offer of settlement under this rule. This rule is also inapplicable because the court was considering the lack of settlement efforts to assess the reasonableness of Wife's legal fees, not the validity of her underlying claim.

3. The court provided the following explanation for finding some of Wife's legal fees to be unreasonable:

> We did not ... feel that it was reasonable for [Wife] to incur almost $3000 in legal fees to litigate this matter. We note that there was no attempt by her counsel to resolve these issues short of involving the courts. Counsel's first contact with [Husband] in connection with these matters was a letter which accompanied the "Petition to Enforce." The letter demanded payment of all sums due **plus counsel fees.** However, there was no breakdown of what sums were due, or the counsel fees being claimed.
>
> The issues involved in this case were simple and straightforward. Further, the record is devoid of any attempt by [Wife], or her counsel, to resolve the issues or to keep counsel fees reasonable. Under those circumstances, we felt the award of $1200 for counsel fees (about 1.5 times the amount awarded for the underlying dispute) was reasonable.

(Trial Court Opinion, 5/30/06, at 2.)

4. Rule 408 of the Pennsylvania Rules of Evidence provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, *is not* admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pa. R.E. 408.

¶ 10 As Husband points out, the factors considered by the court in determining the reasonableness of Wife's legal fees, including that the issues involved in the case were simple and straightforward, and its consideration of the amount awarded in the underlying dispute, are relevant considerations in determining the reasonableness of attorneys fees. *See Estate of Murray v. Love,* 411 Pa.Super. 618, 626–27, 602 A.2d 366, 370 (1992); Rule of Professional Conduct 1.5. Following our review of the record before us, and in consideration of these factors, we find no abuse of discretion in the court's determination that an award of $1,200 for legal fees incurred in this case was reasonable.

¶ 11 For all of these reasons, we affirm the trial court's order awarding Wife $1,200 in legal fees.

¶ 12 Order **AFFIRMED.**

¶ 13 COLVILLE, J. files a Dissenting Opinion.

### DISSENTING OPINION BY COLVILLE, J.:

¶ 1 In my view, the trial court erred in the manner in which it assessed Appellant's counsel's fees for reasonableness. I, therefore, dissent.

¶ 2 Pursuant to the clear and unambiguous terms of the parties' settlement agreement, Appellee was required to pay to Appellant the "legal fees and costs incurred by [Appellant] in enforcing her rights under th[e] Agreement." Separation and Property Settlement Agreement, 7/7/00, at ¶ 17. I have no quarrel with the

Majority's conclusion that Appellant's counsel was required to charge Appellant a reasonable fee. *See* Majority Opinion, at 834 ("It may be assumed that implicit in this provision is the condition that the attorney's fee must a reasonable fee.") (quoting *Duffy v. Gerst,* 286 Pa.Super. 523, 429 A.2d 645, 650 (1981)).[5]

¶ 3 The test for assessing the reasonableness of an attorney's fee has been stated as follows:

[T]he trial court **must consider:**

. . . . the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; **and,** very importantly, the amount of money or the value of the property in question.

*Estate of Murray v. Love,* 411 Pa.Super. 618, 602 A.2d 366, 370 (1992) (quoting *In re Trust Estate of LaRocca,* 431 Pa. 542, 246 A.2d 337, 339 (1968)) (emphasis added). Moreover,

[a]s in all cases where the reasonableness of an attorneys' fee is questioned, our power of review is necessarily limited. We may only reverse the trial court if we find an abuse of discretion or an error of law, and we will not find that

---

**5.** I, however, distance myself from the Majority's conclusion that "when a contract provides for the award of counsel fees, but does not specify that they must be reasonable, the trial court **must** nonetheless examine the fees for reasonableness." Majority Opinion at 835. If a contract, such as the agreement in this case, does not require that a court examine the reasonableness of counsel fees, then, as I see it, the trial court may not examine the reasonableness of the claimed fees unless the aggrieved party raises a specific objection to the fees. Here, Appellee challenged the amount of attorney's fees in a post-hearing brief requested by the court.

the trial court has abused its discretion unless the award is based on erroneous factual findings or irrelevant legal factors.

*Estate of Murray*, 602 A.2d at 370.

¶ 4 In its opinion, the trial court offered the following explanation as to why it considered $1,200 to be a reasonable fee for Appellant's counsel to collect:

> We did not, however, feel that it was reasonable for [Appellant] to incur almost $3,000 in legal fees to litigate this matter. We note that there was no attempt by her counsel to resolve these issues short of involving the courts. Counsel's first contact with [Appellee] in connection with these matters was a letter which accompanied the "Petition to Enforce". The letter demanded payment of all sums due **plus counsel fees.** However, there was no breakdown of what sums were due, or the counsel fees being claimed.
>
> The issues involved in this case were simple and straightforward. Further, the record is devoid of any attempt by plaintiff, or her counsel, to resolve the issues or to keep fees reasonable. Under those circumstances, we felt that award of $1,200 for counsel fees (about 1.5 times the amount awarded for the underlying dispute) was reasonable.

Trial Court Opinion, 5/30/06, at 2 (emphasis in the original) (footnote omitted).

¶ 5 The trial court's stated reasons for drastically decreasing counsel's fees are insufficient. In assessing the reasonableness of Appellant's counsel's claimed fees, the court failed to consider a number of the factors listed above and considered legal factors wholly irrelevant to such an assessment.

¶ 6 In finding that $1,200 constituted a reasonable fee, the trial court put much stock in its observation that Appellant made no attempt to settle this matter short of taking Appellee to court. Whether Appellant attempted to settle this matter short of litigation simply is not a factor to be considered by a court in assessing the reasonableness of attorney's fees. Furthermore, the parties' agreement did not require that Appellant attempt to settle her dispute with Appellee before involving the courts. In fact, the agreement expressly allowed Appellant to sue Appellee for any breach of the agreement.[6,7]

¶ 7 For these reasons, I would vacate the trial court's order awarding Appellant $1,200 in attorney's fees, instruct the trial court to hold further proceedings in order for the court to obtain the information it would need to consider all of the factors relevant to determining whether counsel fees are reasonable, and instruct the trial court to consider to what extent Appellee is responsible for paying the legal fees and costs Appellant incurred in prosecuting this appeal in order to secure her contrac-

6. The settlement agreement provides, in pertinent part:

> **If either party breaches any provision of this Agreement, the other party shall have the right, at his or her election, to sue for damages for such breach or** seek such other remedies or relief as may be available to him or her, and the party breaching this contract shall be responsible for payment of legal fees and costs incurred by the other in enforcing their rights under this Agreement.

Separation and Property Settlement Agreement, 7/7/00, at ¶ 17 (emphasis added).

7. I also note that, to the extent that it could be argued that Appellant had some sort of amorphous duty to attempt to settle this matter without involving the courts, I fail to see how this duty would not apply equally to Appellee. The record is just as devoid of any attempt by Appellee, or his counsel, to resolve the issues or to keep fees reasonable as it is devoid of the same in regard to Appellant.

tual right to be reimbursed for these expenses.

**In re S.A.,**