**LAW OFFICES OF JUSTIN R. LEWIS, PLLC, Appellant**

v.

**Michael DIVEN, Appellee.**

**No. 1041 WDA 2010.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 2010.

Filed April 18, 2011.

Justin R. Lewis, Pittsburgh, for appellant.

Michael Diven, appellee, pro se.

BEFORE: STEVENS, BOWES, and SHOGAN, JJ.

PER CURIAM:

Affirmed.

Judge BOWES files a Dissenting Opinion.

**DISSENTING OPINION BY BOWES, J.:**

As I believe the trial court erred in applying a reasonableness standard to the breach of contract action for attorneys' fees, I respectfully dissent. Under Pennsylvania law, a breach of contract claim is established by showing four elements: existence of a contract to which the plaintiff and defendant are parties; essential terms of that contract; breach of duty imposed by the contract; and damages to the plaintiff as a result of the breach.

In the instant case, it was undisputed that Appellee signed the retainer agreement promising to pay $2,500 for specified legal services performed by Appellant on March 16 through 18, 2009, and $275 per hour for services performed after that date, together with costs. Appellant offered evidence that he spent an additional 18.1 hours at $275 per hour, totaling $5,252.50 from March 19 to March 30, 2009. The total bill, including costs, amounted to $7,840.07. N.T. Trial, 5/4/09, at 18.

While proof that Appellant failed to perform its contractual obligations would have been a defense to the action for breach of contract, Appellee did not contest that Appellant competently performed the billed services. Answers to Requests for Admission, Nos. 17, 18. The trial court found no ambiguity in the retainer agreement and excluded Appellee's testimony regarding an alleged prior oral agreement of a flat fee of $2,500 for all matters related to the election petition dispute as violative of the parol evidence rule. *Id.* at 34. Having established all of the elements of an enforceable contract and Appellee's breach of the contract, I believe Appellant was entitled to recover damages in the full amount of the unpaid legal bill.

Enforcement of the contract is consistent with our decision in *In re Adoption of M.M.H.,* 981 A.2d 261 (Pa.Super.2009), where we acknowledged that "[t]he practice of law, as in most if not all businesses, is founded upon and spurred by the forces

of market competition." *Id.* at 272. In that adoption case, Grandmother entered into a contract to pay appellants legal fees at a rate of $350 per hour. Appellants had advised her that their rate might be "substantially higher" than lawyers who did not exclusively practice family law, but she was undeterred. The orphans' court subsequently examined the reasonableness of the attorneys' fees and reduced them. At issue on appeal to this Court was the authority of the orphan's court to determine, *sua sponte*, whether appellants' fees were unreasonable, excessive, or constituted a profit in violation of public policy. Recognizing that courts have rule-based or statutory authority to assess the reasonableness of fees in certain situations, we found no authority under the Adoption Act or the orphans' court rules for the court's action. *See* e.g. 20 Pa.C.S. § 3537 (authorizing orphans' court to assess reasonableness of executors' fees); Pa.R.C.P. 2039(b) (permitting assessment of attorneys' fees in settlements involving minors). We held that attorneys "clearly have the freedom to contract, and the reasonable expectation to be paid a certain sum of money for services rendered." *Id.* at 272. We declined to enforce "a standard rate" as it "eviscerates the overall time expended and the hourly rate of a lawyer, and erroneously presumes that all legal fees above the standard rate constitute an impermissible profit, while all legal fees that fall below the standard rate are inadequate compensation." *Id.*

While the case *sub judice* is not an adoption proceeding, I find the rationale for our holding in *Adoption of M.M.H.* even more compelling on the facts herein. The parties entered into a contract for legal services, which were satisfactorily provided. I am unaware of any statute, rule, or public policy permitting the court to *sua sponte* engage in a reasonableness evaluation of the agreed upon attorneys' fees on the facts herein, and neither the

trial court nor the parties cite to any. Thus, I would enforce the contract and its payment terms.

The award of reasonable attorneys' fees incurred in collecting the unpaid bill is another matter. The retainer agreement clearly provided for the award of reasonable attorneys' fees should collection efforts be required. Moreover, our Supreme Court has held that courts may consider reasonableness when making a counsel fee award, regardless of the precise verbiage of the document authorizing such award. *McMullen v. Kutz*, 603 Pa. 602, 985 A.2d 769 (2009) (reasonable counsel fees awarded in action for breach of child support agreement). The burden of proving reasonable attorneys' fees falls upon the party seeking such fees, in this case, Appellant. Our Supreme Court held that

> The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*In re Estate of LaRocca*, 431 Pa. 542, 246 A.2d 337, 339 (1968); *see also Estate of Murray v. Love*, 411 Pa.Super. 618, 602 A.2d 366, 370 (1992).

Appellant testified that while he had spent more than ten hours on collection efforts, he was only seeking ten hours at

his normal billing rate of $225 per hour. He testified that his time was spent drafting and filing a complaint, preparing a ten-day default notice, reviewing the answer, drafting and serving requests for admission, reviewing the answers to those requests, preparing a pretrial statement, attendance at a pretrial conference, and preparing and participating in trial. N.T. Trial, 5/4/10, at 22. Despite this testimony, the trial court found that he failed to offer any evidence of the reasonableness of the hours expended or the rate charged. I respectfully disagree. While Appellant did not testify to the ultimate issue, *i.e.*, that his hourly rate and time expended were "reasonable," he offered sufficient evidence of the appropriate factors to permit the trial court to determine a reasonable fee.

Hence, I would vacate the award and remand for entry of an award of $7,840.07, together with interest on the breach of contract for legal services, and a separate determination of reasonable attorneys' fees incurred in pursuing the instant collection action.