Matthew John **NICE,** et al., Plaintiffs,

v.

**CENTENNIAL AREA SCHOOL DISTRICT et al.,**
**Defendants.**

No. CIV. A. 99–3262.

United States District Court,
E.D. Pennsylvania.

June 1, 2000.

Joanne W. Rathgeber, Rathgeber & Alberts, Doylestown, PA, Adam Mylnarczyk, Rathgeber & Associates, Doylestown, PA, for Plaintiffs.

Michael I. Levin, David W. Brown, Michael I. Levin and Associates, P.C., Huntingdon Valley, PA, Stuart S. Smith, John Churchman Smith & Associates, P.C., Media, PA, Barbara A. O'Connell, Sweeney & Sheehan, Philadelphia, PA, William T. MacMinn, Robert M. Donovan, Antheil, Nicholas, Maslow & MacMinn, Doylestown, PA, Thomas F. Reilly, Gallagher, Reilly & Lachat, P.C., Philadelphia, PA, Michael P. Clarke, Frank & Rosen, Philadelphia, PA, Ralph A. Michetti, Marshall, Dennehey, Warner, Coleman & Goggin, Doylestown, PA, Ivan J. Feiner, Coco, Feiner & Citron, P.C., Philadelphia, PA, Marshall L. Grabois, Penna, Grabois & Associates, Ambler, PA, Martin D. Finnegan, Joel Paul Fishbein, Bennett, Bricklin & Saltzburg, Philadelphia, PA, Cy Goldberg, Goldberg, Moore & Miller, P.C., Philadelphia, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiffs brought this action asserting violations of federal civil rights laws and various state common-law claims stemming from the alleged "hazing" of a minor, which took place while the minor participated in the wrestling program at a high school in the Centennial Area School District. After limited discovery and some motion practice, the parties agreed to settle the case by payment of $151,000 to the minor plaintiff. Having now reached a settlement of this matter, the parties seek the court's approval of the proposed settlement agreement as well as approval of the payment of attorneys' fees in the amount of $55,870 and expenses in the amount of $4,769.38 to Rathgeber & Associates [hereinafter "plaintiffs' counsel"], these amounts to be allocated from the overall settlement amount.[1]

---

1. Plaintiffs initially filed a motion representing that a settlement agreement among the

■ The court has an inherent duty to protect the interests of minors and incompetents who appear before it. *See Eagan by Keith v. Jackson*, 855 F.Supp. 765, 775 (E.D.Pa.1994) (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir.1978)). As part of that duty, the court must determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount in a suit brought on behalf of a minor or incompetent. Recently, the United States District Court for the Eastern District of Pennsylvania adopted a local rule formalizing a vehicle for the discharge of the court's duty in this area.[2] Local Rule 41.2 states:

(a) No claim of a minor or incapacitated person or of a decedent's estate in which a minor or incapacitated person has an interest shall be compromised, settled, or dismissed unless approved by the court;

(b) No distribution of proceeds shall be made out of any fund obtained for a minor, incapacitated person or such decedent's estate as a result of a compromise, settlement, dismissal or

judgment unless approved by the court;

(c) No counsel fee, costs or expenses shall be paid out of any fund obtained for a minor, incapacitated person or such decedent's estate as a result of a compromise, settlement, dismissal or judgment unless approved by the court.

Loc. R. 41.2. The rule is procedural and does not prescribe the substantive rule of decision to be applied by the courts.

The determination of the fairness of a settlement agreement involving a minor and the reasonableness of the amount to be apportioned from the proceeds of that settlement agreement in payment of attorneys' fees implicates the parties' substantive rights. *See Calvert v. General Accident Ins. Co.*, 2000 WL 124570 at *5 (E.D.Pa. Feb.2, 2000) (finding that approval of minor's compromise "impacts the substantive rights of the parties"). Under the *Erie* doctrine, when substantive rights are implicated, federal courts sitting in diversity are required to apply state law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

---

parties had been reached. *See* Petition for Approval of Minor's Compromise Settlement (doc. # 69) at ¶¶ 4–5. Upon receipt of that motion, the court scheduled a hearing on both the request for approval of the settlement agreement and the amount of attorneys' fees. Notice of the hearing advised counsel to review the court's earlier decision of *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F.Supp.2d 794 (E.D.Pa.1999), which concerned the compromise of a minor's claim and the reasonableness of counsel's fee request.

The court's consideration of the settlement agreement and counsel's fees, however, was subject to a false start. At the hearing, counsel for plaintiffs and defendants reiterated that an agreement had been reached and finalized among the parties. Shortly after the hearing, the court incidentally learned that the school board for the Centennial School District defendants had not approved the agreement and had only scheduled to consider the agreement at some time in the future, after the court had given its approval. Based on this previously undisclosed fact, the court disapproved the settlement agreement with-

out prejudice on the basis that, because the defendant school board had not approved the settlement, there was nothing for the court to consider at that time. After obtaining the school board's approval, plaintiffs have now filed a supplemental petition again seeking approval of the proposed settlement agreement and of counsel's fees. A review of that supplemental petition reveals that all settlement agreements, including those of the Centennial School District defendants, have been fully executed and the school board has approved the settlement.

2. Local district courts are authorized to adopt rules of procedure. *See* 28 U.S.C. § 2071. The local rules, however, must be consistent with the national rules. *See* Fed.R.Civ.P. 83(a) ("A local rule shall be consistent with—but not duplicative of—Acts of Congress and [the national] rules...."). Once adopted, the local rule has the force of law. *See Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284 (E.D.Pa.1992) (citing *Baylson v. Disciplinary Bd. of the Supreme Court of Pa.*, 764 F.Supp. 328, 348 (E.D.Pa.1991), *aff'd*, 975 F.2d 102 (3d Cir.1992)).

Therefore, courts in this district, sitting in diversity, when called upon to consider the fairness of a minor's compromise and the reasonableness of attorneys' fees allocated from that compromise, have applied state law. *See, e.g., Calvert,* 2000 WL 124570 at *5 (further holding that Pennsylvania Rule of Civil Procedure 2039, which requires court approval of settlements of actions with minor as a party, is binding on court sitting in diversity) (citing *Erie*); *see also Stecyk v. Bell Helicopter Textron, Inc.,* 53 F.Supp.2d 794, 801 (E.D.Pa.1999) (commenting that state law governs settlement of minor's claims when jurisdiction is based on diversity of citizenship); *Eagan,* 855 F.Supp. at 776 & n. 14 (same). Not yet addressed by the courts in this district, however, is whether federal or state law applies where the request for approval of a minor's compromise under Rule 41.2 arises in a case brought to the court on the basis of federal question jurisdiction.

Ordinarily, federal law controls the adjudication of substantive rights of the parties when the federal court's jurisdiction is predicated upon a federal question. *See Mruz v. Caring, Inc.,* 39 F.Supp.2d 495, 504 (D.N.J.1999) ("It is axiomatic that a federal court, whose federal question jurisdiction has been invoked, applies federal law, not state law."). One exception to this general principle, however, occurs when federal law does not expressly establish a rule of decision. If such is the case, where the state law on the issue is well-developed and the application of state law will not impinge upon any federal interest, the court may "borrow" state law to fill the gap in the federal statutory scheme. *See* Erwin Chemerinsky, *Federal Jurisdiction,* § 6.2.1 at 339 (2d ed.1994) (citing *De Sylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956), for holding that state law principles apply as to whether illegitimate children should be allowed to exercise statutory right of children to renew copyrights of deceased parents because "the federal government has no particular interest in matters concerning family relationships and because a well-developed body of state law existed that dealt with family law and inheritance").

The Third Circuit recognized as much in *Reo v. United States Postal Service,* 98 F.3d 73 (3d Cir.1996). In *Reo,* the plaintiff, while still a minor, was struck by a United States Postal Service (the "Post Office") truck. Her parents, acting on her behalf, settled the case with the Post Office but did not obtain court approval of the settlement. When the plaintiff reached majority, she sued the Post Office under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 *et seq.,* for negligence based on the earlier accident. The trial court granted the Post Office's motion to dismiss, concluding that the plaintiff's suit was barred by her parents' earlier settlement and release. The Third Circuit reversed, finding that because no court had ever approved the settlement agreement, as required under state law, the plaintiff's instant claim was viable. The Third Circuit stated that turning to state law was appropriate because:

> [T]he rules governing settlement of minor's claims are embedded in the traditional state-law domain of contract, agency, and family law. Rather than developing a federal common law to govern such questions of authority to settle another's claim, we can instead rely on the well-established rules of the various States. National uniformity is not particularly appropriate here, especially since Congress specifically contemplated in the FTCA that federal agencies would be held to the same standards as private individuals.

*Id.* at 77;[3] *see Gerow v. United States,* 1997 WL 538910, at 1–2 (N.D.N.Y. Aug.26,

---

**3.** Clearly *Reo* could have been decided exclusively on the narrow ground that "[t]he basic purpose of the FTCA is to subject the United States to tort liability under state law to the same extent as private individuals" and thus state law "governs both the creation of liability and the effect of a purported release of liability." *Reo,* 98 F.3d at 76. However, by

1997) (also involving settlement of minor's FTCA case and "considering proposed settlement in the manner it would be considered and approve it to the extent it would be approved under New York law"); *cf. In re John C. Maloney*, 249 B.R. 71, 73–75, (M.D.Pa.2000) (finding that question of whether non-attorneys may question debtors at bankruptcy meetings held under section 341 of Bankruptcy Code, a question of federal law, should be decided under state law because state law has traditionally defined those acts constituting the "practice of law").

■ With respect to the federal statutory scheme present in this case, nothing in 42 U.S.C. §§ 1983–1988 supplies the rule of decision by which a minor's compromise of a civil rights claim should be reviewed by the court.[4] Nor does the manner by which the settlement is approved implicate a federal interest or show a need for national uniformity. In contrast, under our federal system, matters of concern to the family unit, including the well-being of minors, traditionally have been of utmost interest to the individual states. *See generally Solomon v. Solomon*, 516 F.2d 1018 (3d Cir.1975) (involving "domestic relations exception" to diversity jurisdiction and recognizing state's vital interest in matters of domestic relations). Because of this interest, state law is usually well-defined and developed in this area. Accordingly, the court holds that, under Local Rule

41.2, in a federal civil rights action, it is appropriate to apply the rule of decision prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorneys' fees allocated from that settlement.[5]

Considering Pennsylvania law, the law of the jurisdiction where the alleged civil rights violations occurred and the only jurisdiction with an interest in this matter, it is clear that Pennsylvania has evinced an interest in safeguarding the affairs of its minor litigants and that its jurisprudence in this area is well-developed. Specifically, Rule 2039 of the Pennsylvania Rules of Civil Procedure states in pertinent part that "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa.R.Civ.P. 2039(a). "Thus, the [Pennsylvania] courts were given the mandate to supervise all aspects of settlements in which a minor is a party in interest, … and in considering whether to approve a settlement, the Court is charged with protecting the best interests of the minor." *Power By Power v. Tomarchio*, 701 A.2d 1371, 1374 (Pa.Super.1997) (internal citations omitted); *see also Collier v. Dailey*, No. Civ.A. 98–3261, 1998 WL 666036, at *1 (E.D.Pa. Sept.24, 1998) ("in reviewing the settlement agreement, the court must hold that the best interests of the child are paramount and of

choosing to examine the competing federal and state interests in the area of minors' claims, the Third Circuit in *Reo* also announced a more general rule, i.e., that, under certain circumstances, state law may be "borrowed" to fill gaps in an existing federal statutory scheme.

4. Of course, this is not a case where the court is called upon to award attorneys' fees, a matter fully covered under the federal civil rights laws. *See* 42 U.S.C. § 1988. Rather, here the court is called upon to assess the reasonableness of attorneys' fees allocated from a fund obtained pursuant to the compromise of a minor's claim.

5. Several federal courts look to state law when approving minor's compromises. *See,*

*e.g.,* Rule 83.2 of the Local Rules of the United States District Court for the Southern District of New York ("The proceeding upon an application to settle or compromise [the settlement of actions on or behalf of infants] shall conform, as nearly as may be, to the New York State statutes and rules…."); Rule 22 of the Local Rules of the United States District Court for the Central District of California ("In so far as practicable, the proceedings and hearing upon an application to settle, or compromise any [settlement of claim of minor] shall conform to Section 372 of the California Civil Code of Procedure and Rule 529(a), (b), and (c) of the California Rules of Court.").

controlling importance"); *Stecyk,* 53 F.Supp.2d at 797 (same) (citing *Wilson v. Bensalem Tp. School Dist.,* 367 A.2d 397, 398, 27 Pa.Cmwlth. 609 (Pa.Cmwlth. 1976)). Therefore, it is appropriate to apply Pennsylvania substantive law in this case.

▮ Based on the representations of counsel, the parents of the minor, and after conducting a hearing on this matter, the court finds the settlement to be fair, reasonable, and in the best interests of the minor. *See Chambers v. Hiller,* No. Civ.A. 88–3128, 1988 WL 130679, at *2 (E.D.Pa. Dec.2, 1988) ("[T]he parties and counsel are typically in the best position to evaluate the settlement [and] their judgments are entitled to considerable weight.") (citations omitted). The court also notes that there are no unpaid medical obligations and there are no medical expenses expected to be incurred in the future as a result of this incident. Nor is greater monetary recovery after trial at all certain. Although the defendants' conduct towards the minor plaintiff at issue may be repugnant, the defendants have asserted a number of potentially meritorious factual and legal defenses. Thus, from all indications, the settlement agreement adequately meets the needs of the minor in this case.[6]

In approving the settlement, the court must also assess the reasonableness of the requested counsel fees. *See* Loc.R.Civ.P. 41.2(c). In doing so, the court must "strike a balance between being a 'passive pro forma rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees." *Stecyk,* 53 F.Supp.2d at 800–01 (quoting *Gilmore v. Dondero,* 399 Pa.Super. 599, 582 A.2d 1106, 1109 (Pa.Super.1990)). Especially where the attorneys' fees affect the amount ultimately awarded to the minor, "[i]t is incumbent upon counsel to persuade the court that the attorneys' fees and costs

requested are reasonable and equitable." *See Sosenke v. Norwood,* No. Civ.A. 91–2623, 1993 WL 512824, at *5 (E.D.Pa. Dec.6, 1993), *aff'd,* 37 F.3d 1489 (3d Cir. 1994). Simply because the minor's parents have agreed to a contingent fee agreement does not mean that court approval is warranted. *See generally id.* at *3 (citing *Estate of Murray v. Love,* 411 Pa.Super. 618, 602 A.2d 366 (Pa.Super.1992); *Gilmore by Gilmore v. Dondero,* 399 Pa.Super. 599, 582 A.2d 1106 (Pa.Super.1990)). Regardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable.

Plaintiffs' counsel have submitted a petition for fees in the amount of $55,870, which represents approximately thirty-seven percent of the gross recovery attributed to the minor, and for costs amounting to $4,769.38. Under Pennsylvania law, the reasonableness of counsel fees to be paid under a settlement involving a minor is determined by applying a two-step process articulated by the Pennsylvania Superior Court in *Gilmore v. Dondero. See* 582 A.2d at 1109–10. Pursuant to *Gilmore's* teachings, the court must first consider whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims. Second, if so, the court may adjust that lodestar depending upon the effectiveness of counsel's performance under the circumstances. *Id.* (citing *In re LaRocca's Trust Estate,* 431 Pa. 542, 246 A.2d 337, 339 (Pa.1968)).

Applying *Gilmore* to the instant case, the court notes that Bucks County, the court of common pleas that would have jurisdiction over the minor plaintiff, has adopted a presumptive lodestar of twenty-five percent of the gross recovery attribut-

---

**6.** In addition, the court finds that the immediate distribution of $5,000 to the minor's parents to be used to purchase a vehicle for the minor reasonable in light of the likely need

for transportation of the minor to another school district. *See* Loc.R.Civ.P. 41.2(b) (requiring court approval of any distribution of proceeds).

able to the minor. *See* Bucks County Civil Division Rule 2039(a)\*(1)(d) (providing that a petition for minor's settlement shall include "[s]ubstantial justification for any counsel fee (other than reimbursement for expenses) in excess of 25 percent of the gross recovery attributed to the minor"). Therefore, the court will adopt twenty-five percent of the gross recovery attributed to the minor as the lodestar in this case. *Cf. Stecyk,* 53 F.Supp.2d at 801 (adopting the Delaware County presumptive lodestar of twenty-five percent).

■ Second, in assessing the effectiveness of counsel's performance, the Pennsylvania Supreme Court has counseled that courts consider the following factors: (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) "very importantly" the amount of money in question. *Gilmore,* 582 A.2d at 1109–10 (quoting *In re LaRocca's Trust Estate,* 246 A.2d at 339); *Stecyk,* 53 F.Supp.2d at 801.

■ Applying these factors, the court notes that, on the one hand, and not to be overlooked, is the fact that plaintiffs' counsel were able to negotiate a reasonable recovery for the minor plaintiff without undue delay. On the other hand, the court notes that the underlying case was neither factually complex nor did it involve novel theories of law. Moreover, the amount of work required of plaintiffs' counsel was limited to drafting the pleadings and attending a handful of depositions. Although plaintiffs also were required to respond to multiple motions to dismiss filed by the various defendants, the motions raised no cutting-edge defenses and closely mirrored one another. Therefore, much of the legal research involved in preparing those responses was duplicative. Finally, counsel spent a non-insignificant amount of time in this litigation for the non-legal purpose of dealing with the press.

After weighing these factors, the court finds that plaintiffs' counsel have not set forth substantial justification for exceeding the presumptive lodestar of twenty-five percent applicable in Bucks County. Although the services provided by plaintiffs' counsel were professionally competent and were diligently discharged, under the circumstances, their performance does not warrant fees in excess of the lodestar percentage. Accordingly, the court concludes that twenty-five percent of the gross amount attributed to the minor is a reasonable attorneys' fee in this case and thus will approve fees in the amount of $37,750.[7] Finally, the court finds that counsel's costs, in the amount of $4,769.38, for expenses such as copying, postage, research, medical examinations, and court-reporting services, are reasonable under the circumstances of this case.

An appropriate order follows.

### ORDER

**AND NOW,** this 1st day of **June, 2000,** upon consideration of plaintiffs' supple-

---

7. Even if this court had determined that it should consider plaintiffs' counsel's hourly rate in assessing the reasonableness of the fee, the court notes that plaintiffs' counsel simply provided the court with a bill they had generated for the plaintiffs. Although afforded an opportunity to do so at a hearing, counsel provided no information concerning the customary hourly rates in plaintiffs' counsel's relevant geographic area or the customary rates for similar work. Thus, the court was unable to validate its judgment on the reasonableness of the fee by comparing the customary hourly rate in the relevant market to the presumptive lodestar adopted by the Court of Common Pleas of Bucks County. *See generally In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 821 (3d Cir.1995) (noting "an advantage to using [an] alternative method to double check the fee").

mental petition for approval of a proposed settlement of a minor's claim, and after a hearing, it is hereby **ORDERED** that:

1. Plaintiffs' Supplemental Petition for Approval of Minor's Compromise Settlement in the above-captioned action (doc. #73) in the gross amount of $151,000 is **APPROVED;**

2. Such amount shall be apportioned and distributed as follows:

a. To Matthew John Nice, a minor, the sum of $108,480.62, of which $5,000 is to be immediately disbursed to his parents to be used towards the purchase of an automobile for the minor, and the remainder of $103,480.62 is to be placed in a federally insured account marked not to be withdrawn until the minor reaches the age of majority or until further order of the court;

b. To plaintiffs' counsel, Rathgeber & Associates, the sum of $42,519.38, which represents $37,750 in attorneys' fees and the reimbursement of costs in the amount of $4,769.38.

**AND IT IS SO ORDERED.**