Jillyan **ALBRIGHT**, et al., Plaintiffs

v.

**KEYSTONE RURAL HEALTH CENTER, et al.,**
Defendants.

No. 4:03CV1530.

United States District Court,
M.D. Pennsylvania.

May 27, 2004.

Ralph S. Mazur, Newtown, PA, Timothy A. Shollenberger, Shollenberger & Januzzi, LLP, Harrisburg, PA, for Plaintiffs.

Mark E. Morrison, Office of the United States Attorney, Harrisburg, PA, for Defendants.

## MEMORANDUM AND ORDER

JONES, District Judge.

Before the Court is Defendants' Motion to Dismiss ("Motion"). We have reviewed the submissions of the parties and taken into consideration the presentations made at oral argument. For the reasons discussed below, we will deny Defendant's Motion.

### PROCEDURAL HISTORY

On June 3, 2003, Jillyan Albright, Dennis O'Connell, and Brooklyn D. Albright (hereinafter collectively referred to as "Plaintiffs") filed a negligence action in the Court of Common Pleas of Franklin Coun-

ty, Pennsylvania, against Keystone Rural Health Center, Chambersburg OB–GYN Associates, Ltd., and Kathleen Ann Garde, M.D. (hereinafter collectively referred to as "Defendants"). Plaintiffs claim that Defendants were medically negligent in delivering Jillyan Albright's child, Brooklyn.

On September 3, 2003, the United States filed a Notice of Removal pursuant to 28 U.S.C.A. § 2679(d)(2), based on a U.S. Department of Health and Human Services ("HHS") letter deeming that Defendants Keystone Rural Health Center and its employee, Kathleen Garde, were eligible for coverage under the Federal Tort Claims Act ("FTCA").[1]

Defendants filed this Motion on February 13, 2003, seeking dismissal of the case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The Motion has been fully briefed by the parties and is now ripe for disposition.

## FACTUAL BACKGROUND

On April 5, 2000, sixteen year-old Jillyan Albright gave birth to a daughter, Brooklyn D. Albright. The child's father is Dennis O'Connell. Plaintiffs allege that Brooklyn was injured during delivery as a result of the negligence of Dr. Garde, Jillyan's treating physician.

Because Jillyan was a minor at the time of her pregnancy and delivery, her medical care was billed to her father, Jeffrey Albright, and was paid in whole or in part by Jeffrey's private medical insurer, Aetna U.S. Healthcare. Plaintiffs assert that they were not notified of Defendants' status as federal entities or employees either prior to or following Jillyan's treatment, and that none of her medical care was subsidized in any way by the federal government.

Thus, Plaintiffs allege that they did not know, nor did they have any reason to know, that Defendants were federal entities protected under the FTCA. Plaintiffs' counsel asserts that he conducted a diligent and thorough search into Defendants' identities, including researching the proper name and location of Defendants through their public corporate records, and that there was no indication from any source that Defendants were federal entities or employees. In addition, Plaintiffs' counsel sent a letter to Defendants on May 2, 2001, approximately one year after Jillyan's delivery, requesting her medical records. Plaintiffs' counsel later reviewed those records at Keystone Rural Health Center with a Keystone representative present, but was not made aware of Defendants' federal status at that time.

Defendants' Motion asks us to dismiss this action for lack of subject matter jurisdiction. They claim that under the FTCA, Plaintiffs are required to exhaust their administrative remedies by filing a claim with the appropriate federal agency, in this case, HHS. *See* 28 U.S.C. § 2675(a). Defendants further claim that Plaintiffs did not file the required administrative claim, and that they are now time-barred from doing so under the FTCA, 28 U.S.C.A. 2401(b).

Plaintiffs acknowledge that they failed to file an administrative claim, but counter that under Pennsylvania law, the statute of limitations for claims brought by minors does not run until two years after reaching the age of majority, which is eighteen years of age. *See* Pennsylvania Minors' Tolling Statute, 42 Pa.C.S.A. § 5533(b)(1)(i)-(ii). Plaintiffs further assert that as their Complaint was filed on June 2, 2003, it was well within the time permitted under Pennsylvania law.

---

**1.** Chambersburg OB–GYN Associates, Inc. was purchased by Keystone Rural Health Center in January 1999, and therefore was not a separate entity during the time period at issue in Plaintiff's Complaint.

Based on these facts, Plaintiffs argue that they are entitled to equitable tolling of the statute of limitations period for the following reasons: 1) they exercised due diligence but were unable to ascertain that Defendants were federal entities or employees; 2) Pennsylvania's Minors' Tolling Statute applies in the absence of FTCA language on the issue; and 3) Plaintiffs' equal protection and due process rights will be violated if the court fails to exercise its equitable duties.

## STANDARD OF REVIEW

Defendants move to dismiss this action on Rule 12(b)(1) grounds. However, the U.S. Court of Appeals for the Third Circuit has held that when such motions are based on either a failure to exhaust or timeliness defense, courts should conduct their review under Rule 12(b)(6) standards. *Anjelino v. New York Times Co.,* 200 F.3d 73, 87 (3d Cir.1999). *See also, Irene and Gary B. v. Philadelphia Academy Charter School,* No. 02–1716, 2003 U.S. Dist. LEXIS 3020, *20–*23 (E.D.Pa. January 29, 2003); *Wood v. Central Parking Systems of Pennsylvania, Inc.,* No. 99–3022, 2000 WL 873310, *1–2, 2000 U.S. Dist. LEXIS 9043, *3–6 (E.D.Pa. June 23, 2000). The *Anjelino* court noted that "[t]here is a fundamental difference between review under Rule 12(b)(1) ... and review under Rule 12(b)(6)" and found it improper to use 12(b)(1) analysis because exhaustion and timeliness requirements do not affect the subject matter jurisdiction of district courts. 200 F.3d at 87. In support of its position, the Third Circuit stated that,

> [a]lthough it is a 'basic tenet' of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice in a manner contemplated by the District Court. The rule is meant to 'provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record.'

*Id.* (citations omitted). The *Anjelino* court further noted that "[t]he characterization either of lack of exhaustion or of untimeliness as a jurisdictional bar is particularly inapt in Title VII cases, where the courts are permitted to equitably toll filing requirements in certain circumstances." *Id.* (citations omitted). In the context of FTCA claims, the Third Circuit has held that "the FTCA's statute of limitations is not jurisdictional. Failure to comply with the statute is 'an affirmative defense which the defendant has the burden of establishing.'" *Hughes v. U.S.,* 263 F.3d 272, 278 (3d Cir.2001) (citations omitted).

Accordingly, we will review Defendants' Motion under 12(b)(6). However, because the parties have submitted evidence outside the pleadings for our consideration, we shall review the Motion to Dismiss under the standard appropriate for a motion for summary judgment. *See* Fed. R.Civ.P. 12(b) ("If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."). *See also D'Amico v. CBS Corp.,* 297 F.3d 287, 290 (3d Cir. 2002) (affirming district court's 12(b)(6) review, converted to summary judgment review, of motion to dismiss for failure to exhaust that was brought pursuant to 12(b)(1)). *Cf. Hughes,* 263 F.3d at 278 (holding that the district court should have applied summary judgment standards to its review of FTCA timeliness defense because it considered memoranda, affidavits, and exhibits submitted by both parties).

Summary judgment is appropriate if "there is no genuine issue as to any mate-

rial fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Turner v. Schering–Plough Corp.,* 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." *Young v. Quinlan,* 960 F.2d 351, 357 (3d Cir.1992).

Rule 56 provides that, where a motion for summary judgment is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). When considering a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), (citations omitted).

## DISCUSSION

In enacting the FTCA, Congress waived the federal government's immunity from suit in tort, subject to a statutory time limitation of two years. 28 U.S.C. § 2401(b). However, a plaintiff must first file an administrative claim for relief with the agency responsible for the injury and receive a denial letter from the agency prior to instituting a civil action. 28 U.S.C. § 2675(a).

Under controlling Third Circuit jurisprudence, equitable tolling is an appropriate remedy in cases governed by the FTCA. For example, in the context of medical malpractice claims under the FTCA, the Third Circuit has held that "the statute of limitations is tolled until the putative plaintiff possesses facts which would enable 'a reasonable person to discover the alleged malpractice.'" *Hughes,*

263 F.3d at 275 (citation omitted). *See also Forman v. United States,* No. 98–6784, 1999 WL 793429, *1 (E.D.Pa. Oct. 6, 1999) (stating that "the doctrine of equitable tolling is likely applicable to the FTCA six-month limitations period."). Notwithstanding these examples, the effect of state minors' tolling statutes on the FTCA presents an issue of first impression within this district and the Third Circuit.

In considering what effect the Pennsylvania Minors' Tolling Statute should have on an FTCA claim, we are guided by a Third Circuit case involving a minor pursuing a claim under the FTCA. In *Reo v. U.S. Postal Service,* the Court applied New Jersey state law in holding that a minor's claim was not barred by a previous settlement that was not in accordance with state law. 98 F.3d 73, 76–77 (3d Cir.1996). The Court stated that " 'the extent of the United States' liability under the FTCA is generally determined by reference to state law,' " and "[n]othing in the statute or the legislative history [of the FTCA] indicates that Congress intended to eliminate all possibility of court proceedings, especially where the interests of minor children and other incompetent individuals were involved." *Id.* at 75, 77 (citation omitted).

The District Court for the Eastern District of Pennsylvania has also applied the Pennsylvania Minors' Tolling Statute to a federal claim brought pursuant to the Individuals with Disabilities Education Act ("IDEA"). In *Irene and Gary B.,* the court held that "Pennsylvania law dictates that the statute of limitations does not begin to run against any claim of an emancipated minor until that individual reaches the age of 18," and thus preserved the minor's IDEA and derivative claims. 2003 U.S. Dist. LEXIS at *22. Based on the forgoing, we believe that Third Circuit jurisprudence, as well as common sense, support equitable tolling of the claims of minors that are governed by the FTCA.

We also note that the U.S. Supreme Court has applied equitable tolling to other federal statutes, such as Title VII. In *Irwin v. Dept. of Veterans Affairs,* the Supreme Court stated that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should apply to suits against the United States." 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). In *Hughes,* the Third Circuit applied this reasoning to the FTCA.

Additional support for the proposition that Congress did not intend to deny district courts their traditional equitable power to toll statute of limitations under the FTCA is found in its enactment of the Westfall Act of 1988. 28 U.S.C. § 2679(d)(5). The Westfall Act amended the FTCA, creating an exception to the FTCA's statute of limitations. In order to address the statute of limitation problems that arose in cases in which plaintiffs lacked of knowledge of defendants' federal employee status, the Act allows claims that are dismissed for failure to exhaust administrative remedies to be filed with the proper administrative agency within sixty (60) days of dismissal, as long as the original suit was commenced within the two-year time period allowed under the FTCA. *Id.* Thus, the Westfall Act creates in effect a legislative grace period when the United States is substituted as the party defendant for an entity or employee that a plaintiff is not aware has federal status at the time of suit. Because the Pennsylvania statute of limitations for medical malpractice claims tracks the FTCA statute of limitations, if a plaintiff files a state malpractice action where the United States is later substituted as the proper defendant, he or she will be given a six-month grace period to pursue federal administrative remedies and preserve his or her claims. But in cases where the Pennsylvania Minors' Tolling Statute applies, that statute

will often permit more than the traditional two years to bring claim under state law. Thus, if the minor plaintiff, like his or her adult counterpart, is unaware that the cause of action is against a federal entity, that plaintiff would be unfairly penalized if not allowed to pursue a claim, because state law has acted to bring the claim outside the federal statute of limitations.

■ Because we find that we may equitably toll the FTCA statute of limitations, we must next determine if it is appropriate to do so based on the facts of the case before us. In general, the Third Circuit held that equitable tolling is primarily appropriate in situations where " '(1) the defendant has actively misled the plaintiff respecting plaintiff's cause of action, (2) the plaintiff in some extraordinary way has been prevented from asserting her rights, or (3) the plaintiff has timely asserted her rights mistakenly in the wrong forum.' " *School District of Allentown v. Marshall,* 657 F.2d 16, 19–20 (3d Cir.1981) (citation omitted). However, "[a]bsent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.' " *U.S. v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998) (citation omitted).

■ The unusual circumstances present in the case at bar support a tolling of the statute of limitations period. Here, Plaintiffs allege that Defendants misled them regarding their identity as federal entities or employees, and that Plaintiffs, under Pennsylvania law, timely filed their cause of action. While we believe it certainly would have been reasonable for Defendants to inform Plaintiffs of their federal status once they were on notice that Plaintiffs intended to file a lawsuit against them, we decline to find that Defendants deliberately misled Plaintiffs. Therefore, while we find that *Marshall's* first and

third prong do not apply in this case, we hold that the Pennsylvania Minors' Tolling Statute fits the scenario envisioned by *Marshall's* second prong. Clearly, the existence of this state law coupled with the fact that it was difficult if not impossible to ascertain Defendants' federal status gave rise to an extraordinary circumstance that prevent Plaintiffs from both timely filing their claim and pursuing available administrative remedies. Again we note that both Jillyan and Brooklyn Albright were minors at the time that this action accrued. In fact, though Jillyan reached the age of majority some time in 2002, Brooklyn remains a minor. The evidence supports, and Defendants do not dispute, that Plaintiffs were diligent in pursuing their claim against Defendants.

If we were to dismiss Plaintiffs' case, we would be ignoring Pennsylvania's valid interest in protecting its minors. *Accord Nice v. Centennial Area School District,* 98 F.Supp.2d 665, 669 (E.D.Pa.2000) ("[I]t is clear that Pennsylvania has evidenced an interest in safeguarding the affairs of its minor litigants and that its jurisprudence in this area is well-developed."). We would also be placing the State's minors in a worse position than its adults who bring FTCA claims, a scenario we cannot envision Congress intended when it amended the FTCA by enacting the Westfall Act.

Because we believe that we should not in any way abrogate Pennsylvania's codified policy to protect the interest of its minors in pursuing civil claims, and for basic reasons of fairness and equity, we will deny Defendants' Motion.

**NOW, THEREFORE, IT IS ORDERED THAT** Defendant's Motion to Dismiss (doc. 17) is DENIED.